931 F.2d 886
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Natalie EMERY, Plaintiff-Appellee,
v.
LEGG MASON WOOD WALKER, INC., Defendant-Appellant,
and
Champlin J. Carney, Defendant.
 No. 90-2693.
 United States Court of Appeals, Fourth Circuit.
 Argued March 4, 1991.
Decided May 3, 1991.
As Amended June 3, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert v. Bryan, Jr., Chief District Judge. (CA-90-313-A)
 M. Albert Figinski, Andrew J. Bowden, Weinberg and Green, Baltimore, Md. (argued), for appellant; Matthew G. Dobson, Weinberg and Green, Baltimore, Md., on brief.
 Robert R. Gregory, The Law Offices of John S. Stoppelman, P.C., Arlington, Va., for appellee; John S. Stoppelman, The Law Offices of John S. Stoppelman, P.C., Arlington, Va., on brief.
 E.D.Va.
 REVERSED AND REMANDED
 Before DONALD RUSSELL, Circuit Judge, HILL, Senior Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, Sitting by Designation, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 The appellant, a securities dealer, challenges the district court's refusal to compel arbitration of the appellee's claim under federal securities law. We agree with the appellant that the appellee must arbitrate her claim; we therefore reverse, and remand this case for arbitration of her claim.
 
 FACTS
 
 2
 The appellee, Natalie Emery, opened a securities account with the appellant, Legg Mason Wood Walker, Inc. ("Legg Mason") in April 1987. In June 1987, she executed a Margin and Loan Consent Agreement that included a predispute arbitration agreement. That agreement generally bound customers to the arbitration of grievances, but contained a clause which stated:
 
 
 3
 However, I am aware that this arbitration provision is not binding upon me in any dispute or controversy that arises under the federal securities laws, and, in such cases, I may seek resolution through litigation in the courts.
 
 
 4
 Legg Mason inserted this sentence into the agreement in order to comply with the Securities and Exchange Commission's then-existing Rule 15c2-2.
 
 
 5
 Soon after Emery signed her agreement, the Supreme Court, in Shearson/American Express v. McMahon, 482 U.S. 220 (1987), recognized the improvements in arbitration generated by the Security and Exchange Commission's ("SEC's") increased supervision of the arbitration process; the court thus held that litigants could send claims alleging violations of the Securities and Exchange Act to arbitration pursuant to a predispute agreement simply to arbitrate "any controversy." Thus, in October 1987, fewer than five months after the Supreme Court's decision in McMahon, the SEC rescinded Rule 15c2-2. See Sec.Exch.Act Rel. No. 25034, [1987 Transfer Binder], Fed.Sec.L.Rep. (CCH) p 84,163, 52 Fed.Reg. 39,271 (Oct. 15, 1987).
 
 PROCEEDINGS IN THE DISTRICT COURT
 
 6
 In March 1990, Emery filed a complaint in the United States District Court for the Eastern District of Virginia, alleging violations of Sections 10(b) and 15(c) of the Securities Exchange Act. Legg Mason then petitioned the district court to transfer all of Emery's claims to arbitration. In May 1990, the district court granted Legg Mason's motion insofar as it related to Emery's state law claims for fraud and breach of fiduciary duty, but denied the motion insofar as it related to Emery's federal securities law claims.
 
 
 7
 Legg Mason then filed an interlocutory appeal to this court.
 
 DISCUSSION
 
 8
 Legg Mason now contends that Emery must arbitrate all of her claims, including those claims alleging violations of federal securities law. We agree. Recently, in Clark v. Merrill Lynch, No. 90-2039, Sec.L.Rep. (CCH) p 95,796 Fed. (4th Cir. Jan. 31, 1991), this court held that the SEC Rule in question did not create a substantive right to litigation in the federal courts, but merely provided notice to litigants that they (at that time) had the option of pursuing their claims in court. Fed.Sec.L.Rep. p 95,796 at 98,836. In Clark, a federal district court retained a plaintiff's federal securities law claims over the defendant's objections that only an arbitrator should hear them.[1] On appeal, this court followed the trail blazed by the District Court of Maryland in Tauber v. Prudential-Bache Securities, Inc., Fed.Sec.L.Rep. (CCH) p 95,226 (D.Md. April 4, 1990). In Tauber, the district court examined and synthesized Supreme Court precedent and the case law of this and other circuits, concluding finally that "all of plaintiffs' federal securities claims must be submitted to arbitration." Fed.Sec.L.Rep. p 95,226 at 95,987. In Clark, therefore, this court vacated the district court's decision and remanded with instructions to compel arbitration of the securities claim. In so doing, we noted once more the general "presumption in favor of [the] arbitrability" of claims. Clark, Fed.Sec.L.Rep. p 95,796 at 98, 835. See, e.g., Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1985).
 
 CONCLUSION
 
 9
 Clark is clear authority directing us to reverse the decision of the district court and to remand the case for arbitration of the federal claim.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 [1]
 We note that in Clark, the agreement in question contained the following clause: "You are not required to arbitrate any dispute or controversy that arises under the federal securities laws but instead can resolve any such dispute or controversy through litigation in the courts." In the instant case, on the other hand, the clause at issue begins, "I am aware that that this arbitration provision is not binding upon me ..." (emphasis supplied). In our view, the "I am aware" language of the instant case suggests a mere notice provision to an even greater degree than did the clause at issue in Clark